IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARIO OHOA CASTRO,           )
                             )
      Plaintiff,             )
                             )
      v.                     )     1:13CV1087
                             )
WARDEN HOLLINGSWORTH, et al., )
                             )
      Defendant(s).          )


ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a federal prisoner housed in New Jersey, submitted a filing that appears to most closely resemble a civil rights action seeking medical treatment pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). It may also be a habeas petition under 28 U.S.C. § 2241 to secure his release to pursue that treatment.[1] The Court treated it as a civil rights action. However, the form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1.     The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(e).

2.     The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

---

[1] Plaintiff insists at one point that he is filing an action under 18 U.S.C. § 3626. However, by its terms, that statute authorizes certain remedies, not a separate cause of action.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper forms, which corrects the defects of the present Complaint. To the extent Plaintiff chooses to file a new Complaint, the Court also notes that it appears that the potential defendants may be located in the District of New Jersey, where Plaintiff is housed. The events challenged in the Complaint are all alleged to have occurred there as well.[2] To the extent that Plaintiff seeks to file under § 2241, venue for that filing would be proper in the district of Plaintiff's incarceration as well. See Kanai v. McHugh, 638 F.3d 251, 255 (4th Cir. 2011) (citing Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004)). Therefore, it appears that venue would be proper in the District of New Jersey, and Plaintiff may obtain forms and instructions from the Clerk's Office for filing in that District.[3]

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

---

[2] Plaintiff actually captioned his filing as being filed in the District of New Jersey, but mailed the filing to this Court. His reasons for doing this are not clear.

[3] If Plaintiff chooses to re-file his complaint here in this District, he should correct all of the matters noted above and should also include a statement addressing the proper venue in this case, for the Court's consideration in determining whether this case must be transferred to a proper district pursuant to 28 U.S.C. § 1406.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper forms and in the correct district, which corrects the defects cited above.

This, the 30th day of January, 2014.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**